UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ERNEST NEAL,

    Plaintiff,

v.                                                           Case No. 2:07-cv-249
                                                            HON. R. ALLAN EDGAR

KATHY KAFCZYNSKI,

    Defendant.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on February 12, 2009. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

        In his objections, Plaintiff states that the Magistrate Judge erred in recommending that Defendant be granted summary judgment on his First Amendment claims because the record does not support a finding that Plaintiff did not take full advantage of the time he was allowed to attend law library. Plaintiff further claims that his ability to file a timely motion for relief from judgment or habeas corpus petition was affected by Defendant's cancellation of his additional law library time in excess of the mandated six hours per week. Plaintiff further states that the "Offender Callout Management System Offender Work Schedule History Report" is nothing more than a history of the scheduled callouts, and does not show the actual arrival and departure times. However, a review of

this exhibit indicates that the report includes columns entitled "actual arrival" and "actual departure." (Defendant's Exhibit A-1.) Moreover, as noted by the Magistrate Judge in the report and recommendation, the right of access to the courts has never been equated with the access of legal materials at the prison library. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Because the record shows that Plaintiff did not take advantage of the time he was allowed to attend law library, it does not appear as if Defendant's conduct caused Plaintiff to suffer an actual injury to his ability to file a timely habeas corpus action. Consequently, Defendant is entitled to summary judgment on Plaintiff's First Amendment claim.

Plaintiff also claims that the Magistrate Judge erred in finding that Defendant is entitled to qualified immunity because Defendant "knowingly and willingly violated Plaintiff's right to Access to the Court." However, as noted above, Plaintiff is incorrect. Therefore, the Magistrate Judge properly found that Defendant is entitled to qualified immunity.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (Docket #26) is approved and adopted as the opinion of the court.

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should

plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.


Dated:        3/12/09                                              /s/ R. Allan Edgar
                                                                R. ALLAN EDGAR
                                                                UNITED STATES DISTRICT JUDGE